UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LLOYD PAULSON                          )
                                       )
            Petitioner,                )
                                       )
v.                                     )   Case No. 17-CV-0568-CVE-JFJ
                                       )
JANET DOWLING, Warden,                 )
                                       )
            Respondent.                )

**OPINION AND ORDER**

Now before the Court is respondent's motion to dismiss (Dkt. # 8) petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). For the reasons below, the motion will be denied.

**I.**

This case arises from a robbery incident in 2013. See Dkt. # 1 at 6. The petition reflects that on March 30, 2013, Tony Arnold and Eric Wilbert were playing tennis in a park when two men approached them with a gun. Id. The men forced Arnold and Wilbert to drive to a nearby ATM and withdraw cash. Id. Arnold and Wilbert reported the crime, but no arrests were made until a year later when Arnold saw petitioner at a Wal-Mart and identified him as one of the perpetrators. Id.

Petitioner was charged with the following crimes in the Tulsa County District Court, Case No. CF-14-2236: (a) Count I: robbery with a firearm in violation of OKLA. STAT. tit. 21 § 801; (b) Count II: kidnaping in violation of OKLA. STAT. tit. 21 § 741; and (c) Count III: unauthorized use of a motor vehicle in violation of OKLA. STAT. tit. 47 § 4-102. See Dkt. # 1 at 1; see also Dkt. # 9-2 at 1. During trial, the state court admitted evidence that Arnold and Wilbert each independently identified petitioner from a photo lineup. See Dkt. # 1 at 9-11; see also Dkt. # 9-4 at 6. The jury

convicted petitioner of the above charges on October 16, 2014. See Dkt. # 1 at 1; see also Dkt. # 9-2 at 1.

Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 9-1. He asserted that the trial court improperly denied his application for an eyewitness identification expert. Id. at 2. By a summary opinion entered February 23, 2016, the OCCA affirmed. See Dkt. # 9-2. Petitioner then filed an application for post-conviction relief in state court, which was denied. See Dkt. # 9-3 and 9-4. He did not appeal that decision.

Petitioner filed the instant federal § 2254 petition (Dkt. # 1) on October 10, 2017. The petition raises one ground for relief, namely that the state court improperly denied his application to retain an expert on eyewitness testimony. Id. at 3, 7. Respondent filed a motion to dismiss the petition (Dkt. # 8) along with relevant copies of the state court record (Dkt. # 9). Respondent argues that petitioner failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Petitioner did not file a reply.

**II.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas claims. See 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless the applicant has exhausted state remedies or demonstrated that no adequate state remedies are available or effective to protect the applicant's rights. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534. "Fair presentation, in turn,

requires that the petitioner raise in state court the 'substance' of his federal claims." Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." Id. See also Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009) ("A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.") (quotations omitted).

Respondent argues that petitioner failed to comply with § 2254(b) because his federal claim is based on new facts that were not presented to the OCCA. See Dkt. # 9 at 5-7. After reviewing the record, the Court agrees. Petitioner's sole ground for appeal was that the trial court should have appointed an expert on eyewitness identification. See Dkt. # 9-1 at 2. He wished to show that Arnold and Wilbert's testimony was inaccurate because it involved stress, a weapon, cross-racial identification, and identification after a long delay. Id. at 11-14. The OCCA rejected petitioner's arguments, noting the witnesses observed petitioner for 15-30 minutes in close proximity, and that the effective cross-examination of the victims served as an able substitute for expert testimony. See Dkt. # 9-2 at 3.

The federal petition raises the same legal issue as the appeal. See Dkt. # 1 at 7-9. However, petitioner now argues the testimony was unreliable because Arnold and Wilbert stated that he had no identifying scars on his body, but petitioner has a visible and unmistakable horseshoe-shaped scar on his head. Id. at 10. Petitioner attaches a picture of the scar, which was not part of the OCCA

record, see Dkt. # 1 at 15, and concludes: "An eyewitness identification expert was necessary . . . because of this issue." Id. at 10 (underlining in original).[1]

These new facts do not merely "add[] color" to the claims presented on appeal. See Gardner v. Galetka, 568 F.3d 862, 881, 882 (10th Cir. 2009) (exhaustion requirement was met where new evidence "would likely only have added color" to the state claim). The facts "significantly alter[]" petitioner's eyewitness expert claim, "placing it in a much stronger posture than in the state court proceedings." Fairchild, 579 F.3d at 1150 (quoting Demarest v. Price, 130 F.3d 922, 933 (10th Cir. 1997)). The Court therefore finds that petitioner failed to exhaust his (sole) federal claim.[2]

The Court could require petitioner to return to state court to raise his unexhausted claim through an untimely appeal in his state habeas proceeding, as respondent suggests. See Dkt. # 9 at 10. However, even if an untimely appeal were permitted, the OCCA routinely applies a procedural bar to such claims unless the petitioner provides "sufficient reason" for his failure to raise the claim in an earlier proceeding. See OKLA. STAT. tit. 22, § 1086; Moore v. State, 889 P.2d 1253, 1255-56 (Okla. Crim. App. 1995). Accordingly, the Court finds that it would be futile to require petitioner to return to state court to exhaust his federal claim. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (the futility exception is a narrow one, and is supportable "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort

---

[1] The petition also purports to offer newly discovered evidence, consisting of a Tulsa newspaper article about the misidentification of an alleged rapist in 2016. See Dkt. # 1 at 10-11. The article is entirely unrelated to petitioner's case, and does not change the analysis on exhaustion.

[2] The Court also notes that petitioner's inclusion of the new facts in his state post-conviction application does not change the result, as he declined to file an appeal in that proceeding. See Dever, 36 F.3d at 1534 (exhaustion requires presentation "to the highest state court") (emphasis added).

4

to obtain relief"); see also Coleman v.Thompson, 501 U.S. 722 (1991); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993). In the absence of available state corrective process, see 28 U.S.C. § 2254(b)(1)(B), petitioner's federal claim is not barred by the exhaustion requirement. Respondent's motion to dismiss shall be denied.

As a result of petitioner's procedural default, however, an anticipatory procedural bar[3] will be applied to the federal claim unless petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default. Coleman, 501 U.S. at 750; Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples include the discovery of new evidence, a change in the law, and interference by state officials. Id. A petitioner is also required to show "actual prejudice resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982) (quotations omitted). The alternative is proof of a "fundamental miscarriage of justice," which occurs when the petitioner is actually innocent of the crime in question. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

The Court will allow petitioner to file a brief on or before September 4, 2018, demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default. The parties may then file response and reply briefs as set forth below.

---

[3] An "[a]nticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (citation and internal quotation marks omitted).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 8) is **denied.**

2. No later than **September 4, 2018**, petitioner may file a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the anticipatory procedural bar applicable his federal habeas claim.

3. Respondent may file a response within thirty (30) days after the filing of petitioner's brief addressing the defaulted claim.

4. Petitioner may file an optional reply within thirty (30) days after the filing of respondent's response.

5. If petitioner fails to respond to this order, his federal petition will be denied as procedurally barred.

**DATED** this 26th day of July, 2018.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE