UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LLOYD PAULSON | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 17-CV-0568-CVE-JFJ |
| | ) |
| JANET DOWLING, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Now before the Court is petitioner's show-cause response (Dkt. # 15) addressing the procedural default of his 28 U.S.C. § 2254 habeas claim. For the reasons below, the Court will dismiss the habeas petition.

**I.**

Petitioner filed his habeas petition (Dkt. # 1) on October 10, 2017. He challenges his Tulsa County District Court convictions arising from a robbery incident in 2013. See Dkt. # 1 at 6. Petitioner allegedly forced two men to drive to an ATM and withdraw cash. Id. The men later identified petitioner from a photo lineup. See Dkt. # 1 at 9-11; see also Dkt. # 9-4 at 6. On October 16, 2014, the jury convicted petitioner of the following crimes: (a) robbery with a firearm in violation of OKLA. STAT. tit. 21 § 801; (b) kidnaping in violation of OKLA. STAT. tit. 21 § 741; and (c) unauthorized use of a motor vehicle in violation of OKLA. STAT. tit. 47 § 4-102. See Dkt. # 1 at 1; see also Dkt. # 9-2 at 1.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 9-1. He asserted that the trial court improperly denied his application for an eyewitness identification expert. Id. at 2. By a summary opinion entered February 23, 2016, the OCCA

affirmed. See Dkt. # 9-2. Petitioner then filed an application for post-conviction relief in state court, which was denied. See Dkt. # 9-3 and 9-4. He did not appeal that decision.

The federal § 2254 petition (Dkt. # 1) raises one ground for relief, namely that the state court improperly denied petitioner's application to retain an expert on eyewitness testimony. On December 1, 2017, respondent filed a motion to dismiss (Dkt. # 8), arguing that petitioner failed to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1)(A). By an Opinion and Order entered July 26, 2018 (Dkt. # 10), the Court agreed. Although the federal petition raises the same legal issue as the direct appeal, petitioner seeks relief based on new facts and exhibits that were not presented to the OCCA. See Dkt. # 10 at 3-4. The Court further determined that an anticipatory bar would apply if petitioner returned to state court to exhaust his federal claim. Id. at 4-5. Accordingly, the Court denied the motion to dismiss and gave petitioner an opportunity to demonstrate either "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the anticipatory bar. Id. at 5-6. Petitioner filed his response (Dkt. # 15) on October 12, 2018.

**II.**

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples include the discovery of new evidence, a change in the law, and interference by state officials. Id.; see also McCleskey v. Zant, 499 U.S. 467, 493-94 (1991) ("Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]") (internal quotations omitted). If petitioner can demonstrate

cause, he must also show "actual prejudice resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982) (quotations omitted).

Alternatively, petitioner can overcome the anticipatory bar by showing a "fundamental miscarriage of justice," which occurs when the petitioner is actually innocent of the subject crimes. McCleskey, 499 U.S. at 494. To demonstrate actual innocence in the habeas context, a petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup v. Delo, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations . . . with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324. Such evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." Id. at 327. In sum, the actual innocence standard is "demanding and permits review only in the extraordinary case." Frost v. Pryor, 749 F.3d 1212, 1232 (10th Cir. 2014).

Here, petitioner argues that cause exists to overcome the anticipatory bar based on newly discovered evidence of innocence. See Dkt. # 15 at 2. He appears to refer to his original petition, which attaches a Tulsa newspaper article about the misidentification of an alleged rapist in 2016. See Dkt. # 1 at 10-11. The article states that two women identified a Tulsa man from a photo line-up, but DNA testing later confirmed that he was not the perpetrator. Id. at 16-17. As the Court previously explained, a misidentification by another victim in an unrelated case does not demonstrate that petitioner is innocent. Id. at 4, n. 1.

Beyond pointing to new evidence, Petitioner also contends that: (a) misidentification is common; (b) the victims identified petitioner after a year had passed, and under pressure from state officials; and (c) appellate counsel rendered ineffective assistance. The first two arguments speak to the merits of petitioner's habeas claim and do not impact the exhaustion requirement. It is well established that a petitioner must satisfy "the procedural requirements of the Antiterrorism and Effective Death Penalty Act" "[b]efore [the Court] address[es] the merits" of the habeas claims. United States v. Greer, 881 F.3d 1241, 1244 (10th Cir.), cert. denied, 139 S. Ct. 374 (2018).

Petitioner's final argument based on ineffective assistance of appellate counsel is also unavailing. Petitioner contends that "cause" exists to overcome the procedural default because appellate counsel should have raised the additional facts supporting his eyewitness-expert claim on direct appeal. See Dkt. # 15 at 3-5. Ineffective assistance by appellate counsel can serve as cause for the procedural default of a habeas claim, but only if that issue was exhausted, i.e., presented to the highest state court. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (holding "that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). The record reflects that petitioner raised an ineffective assistance of appellate counsel claim in his application for post-conviction relief. See Dkt. # 9-3 at 9. However, he did not appeal the order denying post-conviction relief (Dkt. # 9-4) or otherwise present the claim to the OCCA. Consequently, any deficient performance by appellant counsel cannot serve as "cause" in this case.

Based on the foregoing, the Court finds that petitioner has not demonstrated cause, prejudice, or a fundamental miscarriage of justice. Petitioner, therefore, cannot overcome the procedural default of his sole habeas claim, and the Court must dismiss the petition (Dkt. # 1) with prejudice.

## III.

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that reasonable jurists would find the ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). As described above, the existence of a procedural bar is not reasonably debatable. The Court, therefore, denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's 28 U.S.C. § 2254 petition (Dkt. # 1) is dismissed with prejudice.

2. A certificate of appealability is denied.

3. The Court will enter a separate judgment dismissing this case with prejudice.

**DATED** this 17th day of December, 2018.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE